ASHBURN & MASON, P.C.
Jeffrey W. Robinson
Ashley K. Sundquist
1227 West 9th Avenue, Suite 200
Anchorage, Alaska 99501
Telephone: (907) 276-4331
Fax: (907) 277-8235
E-mail: jeffrey@anchorlaw.com
E-mail: ashley@anchorlaw.com

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ESTATE OF JAYSON VINBERG, through its personal representative BECKY VINBERG,<br><br>                Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA, and JOHN DOE<br><br>                Defendants. | **Case No. 3:22-cv-00135-HRH** |

## **COMPLAINT**

COMES NOW Plaintiff, the Estate of Jayson Vinberg, through its personal representative Becky Vinberg, by and through undersigned counsel, for its cause of action under the Federal Tort Claims Act, 28 U.S.C. § 1346(b)(1) seeking wrongful death and negligence claims against Defendants, the United States of America and John Doe, as follows:

### **Introduction**

This case is about a death that should never have happened. Jayson Vinberg was shot and killed by an unidentified military personnel ("John Doe") wearing civilian

clothing. Doe discharged his personal handgun and fired at least 10 shots at Vinberg, killing him nearly instantly. Had Doe remained at his post in the locked, secured building, awaited additional personnel, and taken other precautionary measures, Vinberg would still be alive. This case seeks to hold Defendants accountable for Vinberg's death and to compensate the decedent's survivors for the loss they have sustained by reason of Vinberg's unnecessary death.

## Parties and Jurisdiction

1. Jayson Vinberg ("Vinberg") was a resident of Kodiak, Alaska when he was shot to death on June 13, 2020.

2. Plaintiff Becky Vinberg is an individual residing in Bountiful, Utah and is the spouse of Jayson Vinberg. Becky Vinberg is the personal representative of Jayson Vinberg's estate and has the authority to pursue this action on behalf of Vinberg's Estate pursuant to AS 09.55.570.

3. Defendant, United States of America, is subject to suit pursuant to the Federal Tort Claims Act ("FTCA"). 28 U.S.C. § 2671, *et. seq.*

4. Defendant John Doe ("Doe") is the individual described as an enlisted Navy service member who was present at the Navy's Naval Special Warfare Cold Weather Detachment ("Detachment") in Kodiak when he shot and killed Jayson Vinberg.

5. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331. This action arises under the laws of the United States of America and is premised on the acts and omissions of the Defendant Doe acting under color of federal law.

6. This Court further has subject matter jurisdiction over this action under 28 U.S.C. §§ 1346(b), 2671-2680, Federal Tort Claims Act ("FTCA") in that this is a claim against the Defendant United States of America for death caused by the negligent and wrongful acts and omissions of a government employee acting within the course and scope of his office or employment, under the circumstances where the United States, if a private person, would be liable to the Plaintiff.

7. Plaintiff has satisfied all administrative exhaustion requirements of the FTCA. 28 U.S.C. § 2675(a). On or about August 23, 2021, Plaintiff presented a claim to the appropriate federal agency for administrative settlement under the FTCA. By letter dated March 9, 2022, Plaintiff's claim was denied in writing by the Department of the Navy (File No. J211046).

8. This action is timely filed because the claim was presented to the appropriate federal agency within two years of accrual and this action was filed within six months of receipt of the letter denying the claim. 28 U.S.C. § 2401(b).

## Venue

9. Venue is proper in this district because a substantial part of the events or omissions giving rise to the claim occurred in this district. 28 U.S.C. § 1391(e). As more fully set forth herein, Plaintiff contends that Doe's acts occurred at the Detachment in Kodiak, Alaska.

## Factual Allegations

10. On information and belief, and at all times material to this action, John Doe was employed by the United States Navy.

11. On information and belief, on or about June 13, 2020, John Doe was assigned as a watchman for the Navy's Detachment on Kodiak Island. He was the only watchman on duty and was alone at the Detachment at the time.

12. On information and belief, Doe was not in military uniform.

13. On information and belief, at approximately 9:20 pm, Vinberg was found within the fenced area of the Detachment.

14. On information and belief, at approximately 9:50 pm, Vinberg approached the Detachment building and began knocking on the entrance. Doe could see Vinberg through the window. Vinberg did not and could not gain access to the locked building.

15. On information and belief, Doe notified command personnel of Vinberg's access to the Detachment, and another Navy service member indicated he was on his way to the Detachment.

16. On information and belief, Vinberg left the Detachment building entrance and began walking towards the main gate.

17. On information and belief, Doe then came out of the locked Detachment building and Vinberg turned around and started walking towards Doe.

18. On information and belief, Vinberg approached within 10 feet of Doe and Doe fired at least 10 rounds at Vinberg, all of which struck Vinberg. At least two of the bullets entered through Vinberg's backside.

19. On information and belief, another Navy service member arrived at the Detachment after the shots were fired, and first responders responded shortly thereafter.

20. Vinberg was pronounced dead at 10:35 p.m.

21. Vinberg's family has been unable to procure information related to this incident, including video footage of the shooting, despite having made repeated demands to the Government and its agents requesting such information.

## COUNT I- WRONGFUL DEATH UNDER THE FTCA

22. The allegations in the foregoing paragraphs are incorporated by reference and repeated.

23. Doe caused Vinberg's death through his wrongful and/or negligent actions.

24. Defendants are liable to Plaintiff for damages arising from Vinberg's death.

## COUNT II- NEGLIGENCE UNDER THE FTCA

25. The allegations in the foregoing paragraphs are incorporated by reference and repeated.

26. Doe had a duty to Vinberg to act with ordinary care and to only use reasonable force upon Vinberg so as not to cause injury or harm to Vinberg.

27. By engaging in the acts alleged herein, Doe failed to act with ordinary care and breached the duty of care he owed to Vinberg.

28. The negligent acts of Doe were committed while Doe was acting within the course and scope of his employment and/or agency with Defendant United States of America. Thus, Defendant United States of America is liable for the actions of Defendant Doe.

29. As a direct and proximate result of the referenced conduct, Plaintiff suffered substantial damages and death.

30. Under the Federal Tort Claims Act, the United States is liable to Plaintiff for negligence.

## Relief Requested

WHEREFORE, Plaintiff prays for the following relief:

A. An award of economic and non-economic damages, in an amount to be proven at trial;

B. An award of costs and attorney's fees;

C. Leave to amend this Complaint as needed; and

D. Any other relief the Court deems just and equitable.

RESPECTFULLY SUBMITTED this May 20, 2022, in Anchorage, Alaska.

ASHBURN & MASON, P.C.
Attorneys for Plaintiff

By: s/Jeffrey W. Robinson
Jeffrey W. Robinson
Alaska Bar No. 0805038

By: s/Ashley K. Sundquist
Ashley K. Sundquist
Alaska Bar No. 1712090