S. LANE TUCKER
United States Attorney

JACQUELYN A. TRAINI
Assistant U.S. Attorneys
U.S. Attorney's Office, District of Alaska
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-2344
Email: Jackie.Traini@usdoj.gov

Attorneys for Defendant

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ESTATE OF JAYSON VINBERG, through its personal representative BECKY VINBERG, <br><br> Plaintiff, <br><br> vs. <br><br> UNITED STATES OF AMERICA, UNITED STATES NAVY, and BRADLEY UDELL, <br><br> Defendants. | ) ) ) ) ) Case No. 3:22-cv-00135-HRH ) ) ) ) ) ) ) ) ) ) ) |

## MOTION TO DISMISS

### CERTIFICATION

Subject to the Court's Order at Dkt. 10, the parties have conferred to

determine whether an amendment could cure a deficient pleading, and have

been unable to agree that the pleading is curable by a permissible amendment.

## INTRODUCTION

Pursuant to Federal Rule of Civil Procedure 12(b)(1), the United States of America moves to dismiss this lawsuit for two reasons: (1) Plaintiff failed to exhaust its administrative remedies before filing suit; and (2) the United States has not waived sovereign immunity for the Plaintiff's claims—an intentional tort. If the Court is inclined to find jurisdiction, Defendant United States requests to amend the caption to *Estate of Jayson Vinberg v. United States of America*, and dismiss the remaining parties for lack of subject-matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) to the extent the Amended Complaint names defendants other than the United States of America.

## BACKGROUND

Plaintiff, the Estate of Jayson Vinberg, through its personal representative Becky Vinberg, filed suit against the United States. Complaint at 1 (Dkt. 1). Plaintiff then filed an amended complaint adding the United States Navy and Bradley Udell. Amended Complaint at 1. (Dkt. 4). Plaintiff alleges that, Jayson Vinberg was wrongfully shot and killed while at the Naval Special Warfare Cold Weather Detachment in Kodiak, Alaska. *Id.* at 1-2. Plaintiff has alleged two causes of actions: (1) wrongful death, and (2) negligence. Amended Complaint ¶¶ 23-31 (Dkt. 4). Plaintiff purports the suit is brought under the Federal Tort Claims Act (FTCA). *See id.* On August 13,

2021, Becky Vinberg (through her attorney) filed an administrative claim seeking compensation for these same alleged events. SF-95 (Ex. A).[1] Ms. Vinberg did not file on behalf of Jayson Vinberg's Estate, but rather, on behalf of herself. *Id.* In fact, Ms. Vinberg did not ask to be appointed as the Personal Representative of the Estate until March 24, 2022. State Court Docket Report (Ex. B). The administrative claim was denied on March 7, 2022. Denial Letter (Ex. C).

## ARGUMENT

Federal Rule of Civil Procedure 12(b)(1) allows a defendant to move for dismissal on grounds that the court lacks jurisdiction over the subject matter. To survive a Rule 12(b)(1) motion, the plaintiff must establish that federal subject matter jurisdiction is proper. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A party may make a jurisdictional challenge either on the face of the pleadings or by presenting extrinsic evidence. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). In deciding a facial attack on jurisdiction, the court must accept the plaintiff's allegations as true and construe them in the light most favorable to the plaintiff. *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004); *Safe Air for Everyone*, 373 F.3d

---

[1] When considering a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), a Court may consider extrinsic evidence. *E.g.*, *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).

*Vinberg v. U.S.A. et al.*
3:22-cv-00135-HRH          Page **3** of **10**

at 1039. Where a party presents extrinsic evidence, the challenge is factual, and a court may consider this evidence and need not presume the truth of the allegations in the complaint. *Id.*; *see also White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000).

## I. PLAINTIFF HAS NOT EXHAUSTED ITS ADMINISTRATIVE REMEDIES.

Before a plaintiff can file a lawsuit under the FTCA, the plaintiff must first present and exhaust his claim administratively. 28 U.S.C. § 2675(a). The administrative claim requirement is jurisdictional. *See Cadwalder v. United States*, 45 F.3d 297, 300 (9th Cir. 1995). Because it is jurisdictional, it "must be strictly adhered to. This is particularly so since the FTCA waives sovereign immunity." *Jerves v. United States*, 966 F.2d 517, 521 (9th Cir. 1992). Sovereign immunity can be waived only by the sovereign; the circumstances of its waiver must be scrupulously observed and not expanded by the courts. *United States v. Kubrick,* 444 U.S. 111, 117–18, 100 S.Ct. 352 (1979).

Here, Becky Vinberg filed an administrative claim on August 13, 2021. Ex. A. Notably, there was no administrative claim filed on behalf of the Estate of Jayson Vinberg —the Plaintiff in this matter. The FTCA requires that *each* claim and *each* claimant must meet the prerequisites for exhaustion of administrative remedies before bringing suit against the United States. 28 U.S.C. § 2675(a); *Cadwalder* at 301; *Turner ex rel. Turner v. United States,* 514

F.3d 1194, 1200 (11th Cir. 2008). In cases that involve more than one claimant, "each claimant must individually satisfy the jurisdictional prerequisite of filing a proper claim." *Dalrymple v. United States,* 460 F.3d 1318, 1325 (11th Cir.2006)*; Haceesa v. United States,* 309 F.3d 722, 734 (10th Cir.2002); *Muth v. United States*, 1 F.3d 246, 249 (4th Cir.1993).

Here, because there has been no claim presented at the administrative level on behalf of the Estate of Jayson Vinberg, it has failed to exhaust its administrative remedies and this suit is barred as the court lacks subject matter jurisdiction, and dismissal pursuant to Federal Rule of Civil Procedure 12(b)(1) is proper. *Jerves*, 966 F.2d at 519. ("A tort claimant may not commence proceedings in court against the United States without first filing [a] claim with an appropriate federal agency…We have repeatedly held that this claim requirement…is jurisdictional in nature and may not be waived.") (citation and internal quotation marks omitted).

## II. THE UNITED STATES HAS NOT WAIVED ITS SOVEREIGN IMMUNITY TO ALLOW FOR PLAINTIFF'S CLAIMS.

Plaintiff's claims must also be dismissed because there is no relevant waiver of sovereign immunity. The FTCA provides the exclusive remedy for torts committed by employees of the United States. *United States v. Smith*, 499 U.S. 160, 166 (1991); *Wilson v. Drake*, 87 F.3d 1073, 1076 (9th Cir. 1996). Accordingly, if Udell was acting within the scope of his employment, then the

*Vinberg v. U.S.A. et al.*
3:22-cv-00135-HRH          Page **5** of **10**
Case 3:22-cv-00135-SLG    Document 17    Filed 08/19/22    Page 5 of 10

FTCA would be Plaintiff's exclusive remedy. 28 U.S.C. § 2679(b)(1); *Smith*, 499 U.S. at 161-67; *Wilson*, 87 F.3d at 1076. However, the FTCA expressly bars causes of action for intentional torts such as assault, battery, and false imprisonment. 28 U.S.C. § 2680(h); *see also* 28 U.S.C. § 2679(d)(4) (actions against government pursuant to the FTCA are "subject to the limitations and exceptions applicable to those actions"). This exception applies and bars Plaintiff's claims. *See Smith*, 499 U.S. at 166 ("Congress recognized that the required substitution of the United States as the defendant in tort suits filed against Government employees would sometimes foreclose a tort plaintiff's recovery altogether.")

Here, the FTCA bars Plaintiff's claims. Plaintiff alleges claims of wrongful death and negligence in the Amended Complaint (Dkt. 4 at ¶¶ 26-31), but only seeks to cloak its claim for an intentional tort. *See Matthews v. United States*, No. 12-1473, 2015 WL 164805, at *4-5 (E.D. Va. Jan. 12, 2015) (dismissing plaintiff's FTCA claims for lack of subject matter jurisdiction because "every allegation of negligence" was linked to "specific constitutional violation" and concluding that plaintiff was simply seeking to cloak his claims to make them cognizable under the FTCA) (citing *Popovic v. United States*, 175 F.3d 1015, No. 98–1432, 1999 WL 228243, at *6 (4th Cir. Apr. 20, 1999) (finding that the district court properly dismissed claims that were not cognizable

under the FTCA despite the plaintiff's attempts to cloak his claims in terms of negligence).

The FTCA bars claims "arising out of" certain intentional torts, including assault, battery, false imprisonment, false arrest, slander, and misrepresentation. 28 U.S.C. § 2680(h). When applying § 2680(h) exclusions, the Court must look beyond the literal meaning of the complaint and ascertain the *real cause* of the complaint. *United States v. Neustadt*, 366 U.S.696, 703-04 (1961); *Snow-Erlin v. United States,* 470 F.3d 804, 808-09 (9th Cir. 2006) ("If the gravamen of Plaintiff's complaint is a claim for an excluded tort under § 2680(h), then the claim is barred."). If a claim falls under this exception, it "must be dismissed for lack of subject matter jurisdiction." *Bibeau v. Pac. Nw. Research Found. Inc.*, 339 F.3d 942, 945 (9th Cir. 2003). Here, the gravamen of Plaintiff's complaint is for the death of Jayson Vinberg after an intentional shooting by Bradley Udell. Amended Complaint (Dkt. 4 at 1-2). Accordingly, the complaint is barred under § 2680(h). A similar case was brought in this district last year. *see Mendenhall v. United States*, No. 3:20-CV-00156-SLG, 2021 WL 1032276 (D. Alaska Mar. 17, 2021) (affirmed, Ex. D.).

In addition, Plaintiff's claim is not covered by the law enforcement proviso of 28 U.S.C. § 2680(h) as Udell was not a law enforcement officer. Under 28 U.S.C. § 2680(h), 'investigative or law enforcement officer' means "any officer of the United States who is empowered by law to execute searches,

seize evidence, or to make arrests for violations of Federal law." There is no evidence here Udell was authorized to execute searches, seize evidence, or to make arrests. In similar circumstances, courts have held that marine guards are not law enforcement officers. *DeLong v. United States*, 600 F. Supp. 331 (D. Alaska 1984); *see also Mendenhall v. United States*, No. 3:20-CV-00156-SLG, 2021 WL 1032276, at *1 (D. Alaska Mar. 17, 2021) (affirmed, Ex. D.); *Solomon v. United States*, 559 F.2d 309, 310 (5th Cir. 1977); *Chisholm v. United States*, 2009 WL 10710968, at *2 (D.S.C. Nov. 10, 2009) (loss prevention officers at base exchange are not law enforcement officers because they cannot conduct searches, seizures, and arrests for violations of federal law).

Lastly, the United States of America is the only proper defendant in a FTCA action. 28 U.S.C. § 2679; *Lance v. United States*, 70 F.3d 1093, 1095 (9th Cir. 1995) (citing *Woods v. United States,* 720 F.2d 1451, 1452 n. 1 (9th Cir.1983); *see also Kennedy v. U.S. Postal Serv.*, 145 F.3d 1077, 1078 (9th Cir. 1998) (per curiam) (affirming dismissal of FTCA action against federal agency and federal employee sued in his official capacity). If the Court finds jurisdiction, the United States respectfully requests dismissal of the remaining defendants.

*Vinberg v. U.S.A. et al.*
3:22-cv-00135-HRH          Page **8** of **10**
Case 3:22-cv-00135-SLG    Document 17    Filed 08/19/22    Page 8 of 10

## CONCLUSION

For the foregoing reasons, the United States respectfully requests that this Court dismiss this lawsuit pursuant to Fed. R. Civ. P. 12(b)(1). If the Court is inclined to find jurisdiction, Defendant United States requests to amend the caption to *Estate of Jayson Vinberg v. United States of America*, and dismiss the remaining parties for lack of subject-matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) to the extent the Amended Complaint names defendants other than the United States of America.

RESPECTFULLY SUBMITTED this 19th day of August, 2022 in Anchorage, Alaska.

S. LANE TUCKER
United States Attorney


/s/ Jacquelyn A. Traini
Assistant U.S. Attorney
Attorneys for Defendant

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 19, 2022,
a copy of the foregoing was served electronically
on the following:

Jeffrey W. Robinson
Ashley K. Sundquist
*Attorneys for Plaintiff*

/s/ Jacquelyn A. Traini
Office of the U.S. Attorney

*Vinberg v. U.S.A. et al.*
3:22-cv-00135-HRH                    Page **10** of **10**