**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ALASKA**

ESTATE OF JAYSON VINBERG,
through its co-personal
representatives BECKY VINBERG,
ANTHONY FURIO, and ESTHER
FURIO,

                Plaintiff,

      v.

UNITED STATES OF AMERICA,

                Defendant.

Case No. 3:22-cv-00135-SLG

## <u>ORDER RE MOTION TO UNSEAL</u>

Before the Court at Docket 105 is a Motion to Unseal filed by the Estate of Jayson Vinberg ("Plaintiff"). The United States ("the Government") opposed this motion at Docket 110, to which Plaintiff replied at Docket 117. For the reasons set forth below, Plaintiff's Motion to Unseal is **GRANTED**.

### BACKGROUND

On June 13, 2020, Mr. Vinberg was shot and killed by Petty Officer Bradley Udell at the Naval Special Warfare Training Detachment in Kodiak ("the Detachment").[1] On May 20, 2022, Plaintiff filed suit against the Government,

---

[1] Docket 61 at 3, 7–8 (sealed Motion to Dismiss); *see also* Docket 56 at 4, 8.

alleging negligence and wrongful death on behalf of the deceased.[2]

Due to the Government's contention that its "discoverable information . . . contains sensitive information about Defendant's military operations such as base security, staffing, resources, intelligence and/or methods," the parties entered into a Stipulated Protective Order on May 23, 2023.[3] Among the Government's initial disclosures were NAVY 1271 [South Porch Clip 3-3-201103171115] and NAVY 1272 [Vestibule Clip 4-3-201103162900] ("the videos"), which show Mr. Vinberg being shot by Officer Udell.[4] Both videos, along with most of the Government's July 21, 2023 supplemental disclosures, were designated "Highly Confidential" pursuant to the Protective Order.[5] In a written communication dated August 8, 2023, Plaintiff took issue with the confidentiality designations of the videos and of other production materials.[6] After an August 18 teleconference regarding these challenges, the Government removed the designations for some discovery materials but maintained that the videos were highly confidential.[7]

On October 26, 2023, Plaintiff filed a redacted Second Amended Complaint

---

[2] Docket 1 at 1.

[3] Docket 37 at 2; Docket 38; *see also* Docket 47-2 at 1-2.

[4] Docket 110-2; NAVY 1271 [South Porch Clip 3-3-201103171115], at 18:27–19:23; NAVY 1272 [Vestibule Clip 4-3-201103162900], at 18:08–19:23.

[5] Docket 110-2; *see* Docket 110-1

[6] Docket 110-2.

[7] Docket 105-1.

Case No. 3:22-cv-00135-SLG, *Estate of Vinberg v. USA*
Order re Motion to Unseal
Page 2 of 14

based on the additional information gained through discovery.[8]  An unredacted version was filed under seal at Docket 67.  The Government moved to dismiss Plaintiff's Second Amended Complaint; its motion and its exhibits—including the two videos at Exhibits B and C—were filed under seal.[9]  Plaintiff's opposition to this motion as well as the Government's reply were likewise filed under seal.[10] The Government's Motion to Dismiss was ultimately granted in part and denied in part on June 25, 2024.[11]

During oral argument on the Motion to Dismiss, the Court ordered the parties to provide redactions for the forthcoming transcript and the Motion to Dismiss briefing that would be filed unsealed on the public docket.[12]  Subsequently, Plaintiff "interpret[ed] this ruling to include the video of the shooting . . . [b]ut to avoid any doubt . . . move[d] this Court to order production and release of an unredacted and unsealed copy of the video."[13]  The Government opposed this motion on July 26,[14]

---

[8] Docket 105 at 4; *see* Docket 56.

[9] Docket 61; Docket 61-1.

[10] Docket 75; Docket 79.

[11] Docket 100 at 31.

[12] Docket 98 at 3-4 (Sealed Transcript of Oral Argument on Motion to Dismiss).  The Court's Order Regarding Motion to Dismiss at Docket 100 at 1, n. 4, is in error insofar as it directs the Government to file an *unredacted*, unsealed version of these documents.  Clearly what the Court intends is for there to be a *redacted,* unsealed version on the public docket.

[13] Docket 105 at 2.

[14] Docket 110.

Case No. 3:22-cv-00135-SLG, *Estate of Vinberg v. USA*
Order re Motion to Unseal
Page 3 of 14

to which Plaintiff replied on August 9.[15]

The Government provided its proposed redactions for the transcript and the briefing on August 23, 2024.[16] The parties subsequently agreed that the Court's ruling on Plaintiff's Motion to Unseal at Docket 105 would help reduce areas of disagreement for the proposed redactions and asked the Court to stay entry of the redacted filings until the Court first ruled on the Motion to Unseal.[17]

## LEGAL STANDARD

There is "a general right to inspect . . . public records and documents, including judicial records and documents."[18] Unless a particular court record is one that has been "traditionally kept secret," "a strong presumption in favor of [public] access is the starting point."[19] The Ninth Circuit has explained that judicial records attached to dispositive motions are treated differently from records attached to non-dispositive motions: "Those who seek to maintain the secrecy of

---

[15] Docket 117.

[16] Docket 122.

[17] Docket 124; Docket 125.

[18] *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978).

[19] *Kamakana v. City & Cnty of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (internal quotation marks omitted) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). In *Kamakana*, the Ninth Circuit identified two categories of documents that fall in the category of those traditionally kept secret: grand jury transcripts and warrant materials in the midst of a pre-indictment investigation. 447 F. 3d at 1178 (citing *Times Mirror Co. v. United States*, 873 F.2d 1210, 1219 (9th Cir. 1989).

Case No. 3:22-cv-00135-SLG, *Estate of Vinberg v. USA*
Order re Motion to Unseal
Page 4 of 14

Case 3:22-cv-00135-SLG   Document 126   Filed 10/17/24   Page 4 of 14

documents attached to dispositive motions must meet the high threshold of showing that 'compelling reasons' support secrecy."[20]

## DISCUSSION

## I.   The Parties Adequately Conferred

The Government first asserts that Plaintiff violated Local Civil Rule 37.1, Federal Rule of Civil Procedure 37(a)(1), and the Protective Order by failing to meet and confer with the Government prior to filing its Motion to Unseal.[21]  Federal Rule of Civil Procedure 37(a)(1) requires a party moving to compel disclosure or discovery to meet and confer with the opposing party before initiating court action. The local rule requires a certification of the meet and confer to be included in the first paragraph of a discovery motion.  The Protective Order requires the parties to "attempt to resolve each challenge in good faith and . . .  begin a meet and confer process" on any challenge to a confidentiality designation prior to seeking a determination from the Court.[22]

The Court first notes that neither Local Civil Rule 37.1 nor Federal Rule of Civil Procedure 37(a)(1) are applicable here.  Plaintiff's Motion to Unseal at Docket 105 is not a motion to compel because the videos have already been produced.[23]

---

[20] *Kamakana*, 447 F.3d at 1180 (quoting *Foltz,* 331 F.3d at 1136).

[21] Docket 110 at 2–3.

[22] Docket 38 at 11–12.

[23] *See* Docket 110-2 (sending videos as part of the Government's initial disclosures); Docket 61-1 (attaching videos as exhibits to the Government's Motion to Dismiss).

Case No. 3:22-cv-00135-SLG, *Estate of Vinberg v. USA*
Order re Motion to Unseal
Page 5 of 14

Further, the Court finds that the parties have sufficiently conferred about the videos, and that additional attempts to resolve the issue without court intervention would likely be futile. The parties' prior telephone conference on the videos' confidentiality designations was unsuccessful.[24] Indeed, the Government candidly acknowledges that "this dispute seems unlikely to resolve through informal means given Plaintiff's insistence on making the videos publicly available."[25] Accordingly, the Court proceeds to the merits of the parties' dispute.

## II. The Compelling Reasons Standard Applies

The Government maintains that the Court should apply the less demanding "good cause" standard to determine whether there is sufficient reason to keep the videos sealed, rather than the "compelling reasons" standard put forth by Plaintiff.[26] The Government gives two reasons for why the "good cause" standard applies here. First, the Government asserts that the "compelling reasons" standard applies only to dispositive motions.[27]The Government reasons that because the Court denied the Motion to Dismiss in part and the litigation continues, the motion to which the videos were attached was not ultimately dispositive.[28] Second, the

---

[24] Docket 105-1.

[25] Docket 110 at 3.

[26] Docket 110 at 4–5.

[27] Docket 110 at 4–5.

[28] Docket 110 at 5.

Case No. 3:22-cv-00135-SLG, *Estate of Vinberg v. USA*
Order re Motion to Unseal
Page 6 of 14

Government contends that the strong presumption in favor of access does not apply to records that have "traditionally been kept secret." Because there is no history of these videos being accessible to the public, the Government asserts it need not show compelling reason to keep them sealed.[29]

As noted above, a "strong presumption in favor of access is the starting point."[30]  However, "[d]espite this strong preference for public access, [the Circuit has] carved out an exception for sealed materials attached to a discovery motion unrelated to the merits of a case.  Under this exception, a party need only satisfy the less exacting 'good cause' standard."[31]  The good cause standard is grounded in Federal Rule of Civil Procedure 26(c)(1), which provides that "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."[32]

Here, the Government's Motion to Dismiss was a dispositive motion to require the application of the "compelling reasons" standard to the motion's exhibits.  The Circuit has made clear that:

> [P]ublic access to filed motions and their attachments does not merely depend on whether the motion is technically 'dispositive.'  Rather,

---

[29] Docket 110 at 5 (quoting *Kamakana*, 447 F.3d at 1178).

[30] *Kamakana*, 447 F.3d at 1178 (internal quotation marks omitted) (quoting *Foltz*, 331 F.3d at 1135).

[31] *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1097 (9th Cir. 2016) (internal quotation marks omitted) (citations omitted) (first quoting *Foltz,* 331 F.3d at 1135; and then citing *Phillips ex rel. Ests. of Byrd v. Gen. Motors Corp.,* 307 F.3d 1206, 1213-14 (9th Cir. 2002)).

[32] *Ctr. for Auto Safety*, 809 F.3d at 1097.

Case No. 3:22-cv-00135-SLG, *Estate of Vinberg v. USA*
Order re Motion to Unseal
Page 7 of 14

Case 3:22-cv-00135-SLG   Document 126   Filed 10/17/24   Page 7 of 14

public access will turn on whether the motion is more than tangentially related to the merits of a case."[33]

The fact that the Court did not grant all the relief the Government sought in its Motion to Dismiss is of no import. Indeed, the Ninth Circuit has rejected this very argument. In *Center for Auto Safety v. Chrysler Group, LLC*, the defendant maintained that the presumption of public access should not apply to documents attached to filings in conjunction with a motion for preliminary injunction because the motion had been denied.[34] The Circuit disagreed, holding that:

> [T]he common law right of access promotes the "public interest in understanding" the judicial process itself and the "bases or explanations for a court's decision." Nothing in our precedent suggests that the right of access turns on any particular result. In fact, in *Kamakana,* our circuit applied the presumption of public access to a summary judgment motion that was "denied, in large part."[35]

The fact that the Court denied portions of the Government's Motion to Dismiss does not render that motion nondispositive. The motion's relevance to the merits of the case persists regardless of its outcome.

Second, the videos are not judicial records that have "traditionally been kept secret." The Circuit exempts a "narrow range of documents [from] the right of public access" where the records have "traditionally been kept secret for important policy

---

[33] *Id.* at 1001 (footnote omitted).

[34] *Id. at* 1095, 1102.

[35] *Id.* at 1102 (citations omitted) (first quoting *Foltz,* 331 F.3d at 1135; then quoting *Oliner v. Kontrabecki*, 745 F.3d 1024, 1025 (9th Cir. 2014); and then quoting *Kamakana*, 447 F.3d at 1176).

Case No. 3:22-cv-00135-SLG, *Estate of Vinberg v. USA*
Order re Motion to Unseal
Page 8 of 14

Case 3:22-cv-00135-SLG   Document 126   Filed 10/17/24   Page 8 of 14

reasons."[36]  The Circuit "has identified two categories of documents that fall in this category: grand jury transcripts and warrant materials in the midst of a pre-indictment investigation."[37]  Given that the videos fall into neither category, the Government's reliance on this exception is misplaced.

### III. The Government Has Not Shown Compelling Reasons to Seal the Videos

The Government contends that the videos should remain sealed even pursuant to the "compelling reasons" standard; it asserts that the publication of the videos "will aid foreign adversaries in ascertaining vulnerabilities at a secured military installation."[38]  In support, the Government attaches a declaration of Timothy Sheptock, an Anti-Terrorism Officer for the Naval Special Warfare Center.[39]  Mr. Sheptock avers that although the videos are not classified, they contain "Department of Defense Critical Infrastructure Security Information [DCRIT]." He states that public disclosure of the videos "would compromise sensitive military operations by releasing [DCRIT] operations to individuals who mean the United States harm."  Specifically, he maintains that disclosure of the

---

[36] *Kamakana*, 447 F.3d at 1178.

[37] *Id*.  A recent Circuit case noted that these "paradigmatic examples" were not the only two possible examples and added "third-party technical assistance proceedings relating to active arrest warrants" to the list.  *Forbes Media LLC v. United States*, 61 F.4th 1072, 1082 (9th Cir. 2023).

[38] Docket 110 at 4.

[39] Docket 111 at 2-3.

Case No. 3:22-cv-00135-SLG, *Estate of Vinberg v. USA*
Order re Motion to Unseal
Page 9 of 14

Case 3:22-cv-00135-SLG   Document 126   Filed 10/17/24   Page 9 of 14

videos would provide the public with information about "detachment operations, facilities, entrances, security weaknesses or protocols especially in terms of the cameras' field of view, threat detection, use of force measurements, and the existence or nonexistence of available weaponry."[40]

"What constitutes a 'compelling reason' is best left to the sound discretion of the trial court."[41]  The Circuit has held that "[n]ational security concerns can, of course, provide a compelling reason" sufficient to shield a document from the public domain.[42]  However, "[i]t is not enough that the documents . . . '*implicate* national security' in some vague sense. Any restriction . . . must be justified by specific facts showing that disclosure of particular documents would harm national security."[43]

The Circuit identifies two inquiries relevant to the assessment, namely, whether the documents are classified and the extent to which the information has already been publicly disclosed.[44]  Both inquiries support public access to the videos.  First, the videos are not classified.[45]  And second, much of the information

---

[40] Docket 111 at 3.

[41] *Ctr. for Auto Safety,* 809 F.3d at 1097 (internal quotation marks omitted) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 599 (1978)).

[42] *Ground Zero Ctr. for Non-Violent Action v. U.S. Dep't of Navy*, 860 F.3d 1244, 1262 (9th Cir. 2017).

[43] *Id.* (alteration in original).

[44] *Id.*

[45] Docket 111 at ¶ 6.

Case No. 3:22-cv-00135-SLG, *Estate of Vinberg v. USA*
Order re Motion to Unseal
Page 10 of 14

Case 3:22-cv-00135-SLG   Document 126   Filed 10/17/24   Page 10 of 14

that the Government asserts must remain secret—including information about Detachment facilities, entrances, and camera placement—is already publicly available. The south porch camera in NAVY 1271 is positioned outside under an awning and it reveals a sliver of a parking lot, the sidewalk leading up to an entrance, and a door leading into the Detachment. The vestibule camera in NAVY 1272 shows the same area from directly inside the entrance facing outward. The viewer can see the inside of a door, a window, a corner of the wall, and a stack of lockers to the left of the door. The Detachment borders beaches and a hiking trail and is situated directly below a commercial flight path. Civilians can walk onto the Detachment or photograph its facilities, entrances, and outdoor security camera placement from the water or air.[46] Moreover, the Navy Special Warfare Center's YouTube channel posted a video tour of the Detachment with a flyover and detailed views from inside the buildings.[47] In sum, much of what is contained in these videos—the parking lot, sidewalk, door, and the position of the south porch camera—is already publicly available.

As far as the information in the videos that is not presently publicly available, the Government has failed to show that it does more than "implicate national

---

[46] Docket 56 at 4; Docket 117 at 9. The Government has provided additional information about public access to the Detachment. *See* Docket 116-1 (Sealed Deposition of Bradley Udell); Docket 98 at 16 (Sealed Transcript of Oral Argument on Motion to Dismiss).

[47] Naval Special Warfare Center, *Kodiak Command Video*, at 00:04–:13; 00:44–48, 01:00–:08, 01:52–02:48, 02:57–03:05, YouTube (Jan. 20, 2017), https://www.youtube.com/watch?v=hL6FGm_kh8Y.

Case No. 3:22-cv-00135-SLG, *Estate of Vinberg v. USA*
Order re Motion to Unseal
Page 11 of 14

security in some vague sense." The precise view in NAVY 1272 of the inside of a door, a corner of the wall, and stack of lockers is unlikely to be otherwise publicly accessible, particularly assuming that the window is made of one-way glass. However, the Government has not explained why public knowledge of this seemingly innocuous corner could harm national security. It is not the case that any view from the inside of the Detachment automatically implicates national security, which the Government itself recognized when it released a YouTube video with a detailed look inside the facilities. The Government similarly fails to make a compelling case for safeguarding the position of the NAVY 1272 vestibule security camera, which is also unlikely to be public information at present. The Government emphasizes that the position of the security cameras remains unchanged today from their positions in 2020, which heightens the security risk.[48] But presumably the Government could change the positioning of one or both cameras to address any security implications. Thus, the current position of the two security cameras does not provide a compelling case for keeping the videos sealed when any potential security risk could be readily mitigated.

The Government's remaining areas of concern are not implicated by the videos and thus, do not provide a compelling reason to keep them sealed. The narrow perspective of the videos is insufficient to show "how military installations

---

[48] Docket 110 at 8-9.

Case No. 3:22-cv-00135-SLG, *Estate of Vinberg v. USA*
Order re Motion to Unseal
Page 12 of 14

Case 3:22-cv-00135-SLG   Document 126   Filed 10/17/24   Page 12 of 14

determine threat detection, use of force measurements, and the existence or nonexistence of available weaponry."[49]  The videos show Officer Udell standing in the entryway,[50] stepping outside,[51] holding up his hand,[52] pointing a gun,[53] and shooting Mr. Vinberg.[54]  The videos do not provide any insight into how the Detachment determined that Mr. Vinberg was outside or how it performs threat detection generally; nor does it apprise the viewer of Officer Udell's access to other weaponry or of the existence of available weaponry in the Detachment at large.

## CONCLUSION

For the reasons set forth above, Plaintiff's Motion to Unseal at Docket 105 is **GRANTED**.  The Government shall file Exhibits B and C to the Motion to Dismiss Plaintiff's Second Amended Complaint at Docket 61 on the public docket within **7 days** of the date of this order.  The parties shall have **14 days** from the date that the Government files these Exhibits to meet and confer and submit their proposed redactions to the Oral Argument Transcript at Docket 98 and the Motion to Dismiss

---

[49] Docket 110 at 8.

[50] NAVY 1272 [Vestibule Clip 4-3-201103162900], at 18:08.

[51] NAVY 1271 [Vestibule Clip 4-3-201103162900], at 18:26; NAVY 1272 [South Porch Clip 3-3-201103171115], at 18:32.

[52] NAVY 1271 [Vestibule Clip 4-3-201103162900], at 18:52; NAVY 1272 [South Porch Clip 3-3-201103171115], at 18:59.

[53] NAVY 1271 [Vestibule Clip 4-3-201103162900], at 19:00; NAVY 1272 [South Porch Clip 3-3-201103171115], at 19:06.

[54] NAVY 1271 [Vestibule Clip 4-3-201103162900], at 19:13-19:23; NAVY 1272 [South Porch Clip 3-3-201103171115], at 19:17-19:23.

Case No. 3:22-cv-00135-SLG, *Estate of Vinberg v. USA*
Order re Motion to Unseal
Page 13 of 14

Case 3:22-cv-00135-SLG   Document 126   Filed 10/17/24   Page 13 of 14

briefing at Dockets 61, 75, and Docket 79.

DATED this 17th day of October 2024, at Anchorage, Alaska.

_/s/ Sharon L. Gleason_
UNITED STATES DISTRICT JUDGE

Case No. 3:22-cv-00135-SLG, _Estate of Vinberg v. USA_
Order re Motion to Unseal
Page 14 of 14

Case 3:22-cv-00135-SLG   Document 126   Filed 10/17/24   Page 14 of 14