MICHAEL J. HEYMAN
United States Attorney

JOSHUA A. TRAINI
MARIE C. SCHEPERLE
Assistant U.S. Attorneys
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-2344
Email: Josh.Traini@usdoj.gov
Email: Marie.Scheperle@usdoj.gov

Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ESTATE OF JAYSON VINBERG, through its personal representatives BECKY VINBERG, ANTHONY FURIO, and ESTHER FURIO,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | Case No. 3:22-cv-00135-SLG |

**UNITED STATES' ANSWER TO THE SECOND AMENDED COMPLAINT**

Defendant, United States of America, to answer the Second Amended Complaint [Dkt. 56] as follows:

**Introduction**

The allegations in the Introduction state conclusions of law, to which no response is required. To the extent a response is required, Defendant admits only the second sentence of the Introduction. All other allegations in the Introduction not specifically admitted are denied.

**Parties and Jurisdiction**

1. Defendant admits only that on June 13, 2020, Jayson Vinberg died as the result of multiple gunshot wounds and that Mr. Vinberg had been temporarily living in Kodiak, Alaska as of that date. Defendant is without sufficient information to admit or deny any allegations not specifically admitted, and therefore denies them.

2. Defendant admits only that Becky Vinberg was the spouse of Jayson Vinberg as of June 13, 2020, that she lives in Bountiful, Utah, and that Ms. Vinberg is one of Mr. Vinberg's estate's representatives. Defendant makes no response to the remaining legal conclusions and allegations contained in Paragraph 2, as no response is required.

3. Defendant makes no response to the legal conclusions and allegations contained in Paragraph 3, as no response is required. To the extent an answer is required, Defendant admits only that Plaintiff has filed suit alleging jurisdiction under the Federal Tort Claims Act (FTCA) but denies that it was negligent and further denies that Plaintiff is entitled to any relief under the FTCA. Defendant denies any facts not specifically admitted.

4. Defendant makes no response to the legal conclusions and allegations contained in Paragraph 4, as no response is required. To the extent an answer is required,

Defendant admits only that Plaintiff has filed suit alleging jurisdiction under the FTCA arising from acts or omissions of Bradley Udell, a government employee acting within the course and scope of his employment with the United States, but denies that they were negligent or wrongful and further denies that Plaintiff is entitled to any relief under the FTCA. Defendant denies any facts not specifically admitted.

5. Defendant makes no response to the legal conclusions and allegations contained in Paragraph 5, as no response is required. To the extent an answer is required, Defendant admits only that Plaintiff has filed suit alleging jurisdiction under the FTCA arising from acts or omissions of Bradley Udell, a government employee acting within the course and scope of his employment with the United States but denies that they were negligent or wrongful and further denies that Plaintiff is entitled to any relief under the FTCA. Defendant denies any facts not specifically admitted.

6. Defendant makes no response to the legal conclusions and allegations contained in Paragraph 6, as no response is required. To the extent an answer is required, Defendant admits only that the United States Navy received an administrative claim from Plaintiff on August 23, 2021, assigned the claim as file number J211046, and that Plaintiff's administrative claim was subsequently denied on March 7, 2022, by the United States Navy. Defendant denies any facts not specifically admitted.

7. Defendant makes no response to the legal conclusions and allegations contained in Paragraph 9, as no response is required. To the extent an answer is required, Defendant admits only that the United States Navy received an administrative claim from

counsel for Becky Vinberg on August 23, 2021, and that the administrative claim was subsequently denied on March 7, 2022, by the United States Navy. Defendant denies any facts not specifically admitted.

## Venue

8. Defendant makes no response to the legal conclusions and allegations contained in Paragraph 8, as no response is required. To the extent an answer is required, Defendant admits only that the incident alleged in Plaintiff's Second Amended Complaint occurred in Kodiak, Alaska. Defendant denies any facts not specifically admitted.

## Factual Allegations

9. Defendant admits the Naval Special Warfare Cold Weather Detachment is located in Kodiak, Alaska. Defendant denies all other facts not specifically admitted.

10. Defendant admits the Detachment is located in Kodiak, Alaska and its geographical location and setting speaks for itself. Defendant denies all other facts not specifically admitted.

11. Defendant admits a hiking trail crosses the western portion of the Detachment. Defendant denies all other facts not specifically admitted.

12. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 12, and therefore denies them.

13. Denied.

14. Denied.

15. ████████████████████████████████████████

16. Admitted.

17. Defendant admits that at all relevant times on June 13, 2020, Petty Officer First Class Bradley Udell was the Officer of the Day/Duty Watchstander at the Naval Special Warfare Cold Weather Detachment in Kodiak, Alaska, and was the only person standing duty at the time of the incident. Defendant denies all other facts not specifically admitted.

18. Defendant admits that at all relevant times on June 13, 2020, Petty Officer First Class Bradley Udell was the Officer of the Day/Duty Watchstander at the Naval Special Warfare Cold Weather Detachment in Kodiak, Alaska, and was the only person standing duty at the time of the incident. Defendant denies all other facts not specifically admitted.

19. Denied.

20. Admitted.

21. Admitted.

22. Admitted.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

27. Admitted.

28. Denied.

29. Denied.

30. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 30, and therefore denies them.

31. Defendant admits Udell sent a text message, which reached his immediate superior. Defendant denies all other facts not specifically admitted.

32. Denied.

33. Denied.

34. Defendant admits Udell sent text messages in a group chat. Defendant denies all other facts not specifically admitted.

35. Admitted.

36. Defendant denies Plaintiff's characterization of the text messages and refers Plaintiff to the text messages, which speak for themselves. Defendant denies all other facts not specifically admitted.

37. Defendant denies Plaintiff's characterization of the text messages and refers Plaintiff to the text messages, which speak for themselves. Defendant denies all other facts not specifically admitted.

38. Admitted.

39. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 39, and therefore denies them.

40. Defendant admits only that Mr. Udell exited the Detachment building to keep

line of sight on Mr. Vinberg and that Mr. Vinberg at some point turned around and started walking toward Udell. Defendant denies all other facts not specifically admitted.

41. Denied.

42. Denied.

43. Defendant admits only that Vinberg approached Udell and that Udell fired rounds at Vinberg. Defendant denies all other facts not specifically admitted.

44. Defendant admits only that Mr. Udell struck Mr. Vinberg multiple times. Defendant denies all other facts not specifically admitted.

45. Defendant admits Udell fired seven shots. Defendant denies all other facts not specifically admitted.

46. Admitted.

47. Defendant only admits Vinberg was pronounced dead at 10:35 p.m. Defendant denies all other facts not specifically admitted. Defendant makes no response to the legal conclusion regarding causation contained in Paragraph 47, as no response is required.

## COUNT I – WRONGFUL DEATH UNDER THE FTCA

48. Pursuant to the Court's order at Dkt. 100, this count was dismissed with prejudice and therefore, no response is required.

49. Pursuant to the Court's order at Dkt. 100, this count was dismissed with prejudice and therefore, no response is required.

50. Pursuant to the Court's order at Dkt. 100, this count was dismissed with

prejudice and therefore, no response is required.

## COUNT II – NEGLIGENCE UNDER THE FTCA

51. Pursuant to the Court's order at Dkt. 100, this count was dismissed with prejudice and therefore, no response is required.

52. Pursuant to the Court's order at Dkt. 100, this count was dismissed with prejudice and therefore, no response is required.

53. Pursuant to the Court's order at Dkt. 100, this count was dismissed with prejudice and therefore, no response is required.

54. Pursuant to the Court's order at Dkt. 100, this count was dismissed with prejudice and therefore, no response is required.

55. Pursuant to the Court's order at Dkt. 100, this count was dismissed with prejudice and therefore, no response is required.

56. Pursuant to the Court's order at Dkt. 100, this count was dismissed with prejudice and therefore, no response is required.

## COUNT III – NEGLIGENCE UNDER THE FTCA

57. Defendant reincorporates its previous answers by reference.

58. Defendant makes no response to the legal conclusions contained in Paragraph 58, as no response is required. To the extent an answer is required, Defendant denies.

59. Defendant makes no response to the legal conclusions contained in Paragraph 59, as no response is required. To the extent an answer is required, Defendant

denies.

60. Defendant makes no response to the legal conclusions contained in Paragraph 60, as no response is required. To the extent an answer is required, Defendant denies.

61. Defendant makes no response to the legal conclusions contained in Paragraph 61, as no response is required. To the extent an answer is required, Defendant denies.

### COUNT IV – ASSAULT & BATTERY UNDER THE FTCA

62. Defendant reincorporates its previous answers by reference.

63. Defendant makes no response to the legal conclusions contained in Paragraph 63, as no response is required. To the extent an answer is required, Defendant denies.

64. Defendant makes no response to the legal conclusions contained in Paragraph 64, as no response is required. To the extent an answer is required, Defendant denies.

65. Defendant makes no response to the legal conclusions contained in Paragraph 65, as no response is required. To the extent an answer is required, Defendant denies.

66. Defendant makes no response to the legal conclusions contained in Paragraph 66, as no response is required. To the extent an answer is required, Defendant denies.

## Relief Requested

The remainder of the Complaint sets forth the Plaintiff's Prayer for Relief for which no response is necessary. To the extent the Court require a response, Defendant denies liability to the Plaintiff, denies the allegations set forth in the Complaint, and denies Plaintiff is entitled to the demands made in the Complaint

## Affirmative Defenses

The complaint fails to state a claim upon which relief can be granted.

1. Plaintiff's damages and recovery, if any, are subject to and limited by the provisions of Alaska statutory and common law, including AS 09.17.010 to AS 09.17.900 and AS 09.55.540 to AS 09.55.549, to the extent that these laws are not inconsistent with the FTCA. Plaintiff's recovery, if any, is limited to the damages recoverable under the FTCA.

2. Pursuant to 28 U.S.C. §2680(h) the United States is immune from suit for any claim arising out of assault or battery where the government employee was not a law enforcement officer.

3. To the extent that Plaintiff's Complaint asserts injury or damage claims or claims of negligence that were not asserted in the administrative claim, the Complaint is barred under 28 U.S.C. §2675.

4. Plaintiff's damage claims and recovery, if any, are subject to and limited by the legal duty that Plaintiff reasonably mitigate damages.

5. To the extent that it is allowed under federal and state law,

including AS § 09.55.548, Defendant is entitled to a credit or offset for any past or future benefits paid for or payable by, in whole or in part, state or federal government programs not subject to subrogation. The amount of damages awarded in this action, if any, should be reduced accordingly.

6. Pursuant to 28 U.S.C. §2674, Plaintiff is not entitled to recover punitive damages or prejudgment interest on any damages award.

7. Under the FTCA, attorney's fees are recoverable only as part of any judgment or settlement and not in addition thereto and Plaintiff cannot recover attorney's fees from the United States.

8. To the extent that Plaintiff's alleged injuries or damages were not caused by a negligent act or omission of an employee of the United States, acting within the scope of his or her employment, Plaintiff's recovery, if any, should be denied or reduced as to the Defendant. 28 U.S.C. § 2671.

9. Vinberg assumed the risk by trespassing onto a secure military base and engaging in behavior that any reasonable person would realize could provoke a deadly response.

10. Vinberg, as a trespasser, had a legal duty to retreat under AS 11.81.335(b) and failed to do so.

11. The injuries or damages, or both, alleged in the Complaint were not proximately caused by a negligent act or omission of any employee of the United States acting within the scope and course of employment.

*Vinberg v. U.S.A.*
Case No. 3:22-cv-00135-SLG        Page 11 of 13

Case 3:22-cv-00135-SLG    Document 149    Filed 05/30/25    Page 11 of 13

12. Any recovery by Plaintiff is subject to the availability of appropriated funds. 42 U.S.C. § 233(k).

13. Defendant asserts that it may have additional defenses which are not known to Defendant at this time, but which may be ascertained through discovery. Defendant specifically preserves these additional defenses as they may be ascertained through discovery.

WHEREFORE, Defendant United States prays for relief as follows:

1. For dismissal of Plaintiff's Complaint against Defendant United States with prejudice;

2. For entry of judgment in favor of Defendant United States;

3. That Plaintiff takes nothing from this action against Defendant United States;

4. That Defendant United States be awarded costs and fees for defending this action; and

5. For all other relief that the Court may deem just and proper.

RESPECTFULLY SUBMITTED this 30th day of May 2025, in Anchorage, Alaska.

        MICHAEL J. HEYMAN
        United States Attorney

        /s/ Joshua A. Traini
        Assistant U.S. Attorney
        Attorneys for Defendant

/s/ Marie C. Scheperle  
Civil Chief, Assistant U.S. Attorney  
Attorneys for Defendant

**CERTIFICATE OF SERVICE**

I hereby certify that on May 30, 2025,
a true and correct copy of the foregoing
was served electronically on the following:

Dylan L. Hitchcock-Lopez
Laura Fisher
Matthew Findley
Ashburn & Mason, P.C.
*Attorneys for Plaintiff*

/s/ Joshua A. Traini
Office of the U.S. Attorney